JAMES SPENCER, plaintiff in error, *vs.* WILLIAM C. GILL, *et al.* defendants in error.

When a petition for a certiorari has been filed with the Clerk, and the evidence makes it doubtful whether or not the writ of certiorari has been annexed, the certiorari should not be dismissed, especially where an order has been taken without objection for the Magistrates to answer over, and the case has been pending in Court until the six months have elapsed, within which another certiorari could have issued.

Certiorari, in Lee Superior Court.   Decision by Judge ALLEN, at March Term, 1857.

Defendant's counsel moved to dismiss this case, on the ground that no writ of certiorari had ever been signed and issued by the Clerk of the Court.

The motion was resisted by plaintiff's counsel, who proved by the Clerk that the petition for certiorari was filed in his office, returnable to May Term, 1853, and that another writ between the same parties had also been filed, that he attached to the same, such process or writing as he was directed to do by Willis A. Hawkins, plaintiff's attorney, but did not recollect to which it was attached, nor could he say that it was a certiorari :—Plaintiff further exhibited the answers of defendants, purporting to be respondent to a writ of certiorari in the case stated, and also several orders of the Court, made in the cause, directing said answers to be perfected &c.

The presiding Judge granted the motion, and dismissed the case, and plaintiff excepted.

McCoy & HAWKINS, for plaintiff in error.

WEST, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

This was a motion to dismiss a certiorari on the ground, that no writ of certiorari had ever issued in the case.

It appears that the petition for a certiorari, had been filed with the Clerk, and that there was another writ filed in the office, between the same parties. The Clerk testifies that he did what he was directed to do by Mr. Hawkins, the attorney of the plaintiff, and that he annexed the necessary process to one of these papers, he cannot say which; the magistrates to whom the certiorari was directed, answer it, and say in their answer, that they did it "in obedience to the writ of certiorari to them directed." Their answer not being full, an order was taken, requiring them to answer over.

Ought the certiorari to have been dismissed under these circumstances? especially after it had been pending in the Court for several years, and when the six months had elapsed, so that another certiorari could not have been sued out?

We think not.

The proof rather supports the conclusion that, in point of fact the writ was attached to the petition; but whether it was there originally or not, the order to answer over was equivalent itself to the granting of the writ, and this was taken without objection.

We hold therefore, that the judgment be reversed, and the certiorari be re-instated.

Judgment reversed.